(105 So. 292)

No. 27234.

**LAVOY et ux. v. TOYE BROS. AUTO & TAXICAB CO. et al.**

**In re CUDAHY PACKING CO.**

(June 22, 1925. Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Courts** ⬅︎204—**Courts of Appeal have no supervisory jurisdiction over inferior courts.**

Courts of Appeal have no supervisory jurisdiction over inferior courts; authority to issue remedial writs being given them only by Const. 1921, art. 7, § 2.

2. **Prohibition** ⬅︎17—**Remedies of defendant exhausted in court below.**

When defendant directed attention of trial judge to fact that suit had been discontinued as to it, this was declining of his jurisdiction in premises, and, when trial judge overruled plea to his jurisdiction by passing on other exceptions, defendant had exhausted remedies in court below.

3. **Certiorari** ⬅︎5(2)—**Prohibition** ⬅︎3(5)— **Appropriate proceedings to inquire into jurisdiction of inferior courts.**

In view of Code Prac. arts. 845, 855, prohibition and certiorari are appropriate proceedings for inquiring into jurisdiction of inferior courts and into validity of their proceedings; appeal not always affording adequate remedy in such cases.

4. **Husband and wife** ⬅︎270(1)—**Wife had capacity to discontinue suit on community claim.**

Since wife had capacity to bring suit for community claim, she also had capacity to discontinue it.

Certiorari to Civil District Court, Parish of Orleans.

Action by Louis Lavoy and wife against the Toye Bros. Auto & Taxicab Company and the Cudahy Packing Company. Action was dismissed as to defendant last named, and it prays for writs of prohibition and certiorari to forbid further proceedings. Writ of prohibition made perpetual.

Edward Rightor, of New Orleans, for relator.

Puneky & Barrios, of New Orleans, opposed.

ST PAUL, J. Plaintiffs, husband and wife, filed a "joint petition," in which they claimed $4,000 damages ex delicto from the defendant taxicab company and from relator.

They averred that, because of the negligence of the defendants and of the resulting damage and injury, "your petitioner Mrs. Frances Tomberella Lavoy should recover damages from said defendants in the sum of $3,500," which damages she itemized as follows, to wit:

(1) Hat, $10; parasol, $7; purse, $10; servant's hire, $80; medicine, $10; physician, $100—say .......................... $ 217 00
(2) Violent contusions, lacerations, etc...... 2,000 00
(3) Pain and suffering........................ 1,283 00

    Total ................................... $3,500 00

Petitioner Louis Lavoy averred that, by reason of said negligence and the injuries to his wife, he was deprived of her affection and companionship for 11 weeks, wherefore "he is entitled to have and recover the sum of $500."

Wherefore petitioners prayed that:

"There be judgment individually and in solido against the defendants, in the sum of $500 in favor of your petitioner Louis Lavoy, and in the sum of $3,500 in favor of your petitioner Mrs.

Frances Tomberella Lavoy, and that defendants be condemned to pay unto your petitioners the respective sums, together with interest," etc.

Both defendants filed exceptions of no cause of action, of misjoinder of parties plaintiff, and of misjoinder of parties defendant.

## I.

Thereafter, on motion of "Louis Lavoy and Mrs. Frances Tomberella Lavoy, his wife, * * * and on suggesting to the court that plaintiffs desire to discontinue this suit with reference to the claim of Louis Lavoy for $500, * * * however without prejudice to the rights of plaintiff Mrs. Frances Tomberella Lavoy, as set out in plaintiffs' original petition, it is [was] ordered by the court that the claim for $500 damages made in behalf of Louis Lavoy be and the same is hereby discontinued as in case of nonsuit. It is [was] further ordered that Louis Lavoy be permitted to join, aid, authorize, and assist his said wife in the prosecution of this suit" (December 8, 1924).

From which it would appear that *the only remaining plaintiff* in said suit was the aforesaid Mrs. Frances Tomberella Lavoy, joined, aided, authorized, and assisted by her said husband in the prosecution thereof, and *the only remaining claim* in said suit involved "the rights of plaintiff, Mrs. Frances Tomberella Lavoy, as set out in plaintiffs' original petition," to wit, the $3,500 first hereinabove mentioned.

This, therefore, disposed of the exception of *misjoinder of parties plaintiff*, since it left only one plaintiff in the case.

Again, thereafter, on motion of "Mrs Frances Tomberella, wife of Louis Lavoy, and on suggesting to the court that plaintiff desires to discontinue this suit with reference to the Cudahy Packing Company, joined as one of the defendants named herein, and to prosecute the claim in these proceedings solely against the Toye Bros. Auto & Taxicab Company, however without prejudice to the rights of plaintiff Mrs. Frances Tomberella Lavoy to institute and prosecute her suit in a separate proceeding against the Cudahy Packing Company, it is [was] ordered by the court that the suit against the Cudahy Packing Company, one of the defendants named herein, be and the same is hereby discontinued as in case of nonsuit" (December 16, 1924).

From which it would appear that *the suit* against one of the defendants had been totally discontinued by the only remaining plaintiff, which therefore disposed of the exception of *misjoinder of parties defendant*, since it left only one defendant in the case, to wit, the Toye Bros. Auto & Taxicab Company.

## II.

Relator, invoking the supervisory power of this court complains here:

"That thereafter, and subsequent to the dismissal of the entire claim of Louis Lavoy on December 8, 1924, and of the entire claim of Frances Tomberella, the sole other plaintiff, on December 16, 1924, attorneys for plaintiffs in said cause moved and set down for trial on April 9, 1925, the exceptions filed by relator on December 1 and December 15, 1924, respectively, and that, on the calling for trial of said exceptions, relator appeared and called the court's attention to the fact that there was no suit before it, since on December 8, 1924, the court, on plaintiffs' motion, had dismissed the cause as to one plaintiff, and on December 16, 1924 it had dismissed the cause as to the other plaintiff, and the cause could not be tried against a defendant, where there was no plaintiff in court.

"That in spite of the fact that relator herein, through its counsel, showed the court the order of December 8, 1924, and the order of December 16, 1924, and declined to appear and argue said exceptions, the court took the said exceptions under advisement, and on May 4, 1925, entered a memorandum on each of said exceptions that same was overruled and relator given 10 days to answer."

Wherefore relator prays (May 7, 1925) for a writ of prohibition forbidding the said judge, and the said Louis Lavoy and his wife, Mrs. Frances Tomberella, from proceeding further in said suit.

### III.

For return the trial judge says that through oversight he erred in his ruling, having overlooked the discontinuance of the case as to relator; that he is of opinion that the writ of prohibition properly issued.

On the other hand, counsel for plaintiffs have filed an elaborate return, the substance thereof being: (1) That the Court of Appeal alone has supervisory jurisdiction herein, and not this court; (2) that relator has not exhausted its remedies before the lower court; (3) that relator has an adequate remedy by appeal; (4) that the husband discontinued only as to his separate demand of $500, and the wife only as to her separate demand of $3,283 (i. e., $3,500 less $217), leaving, therefore, a "community" claim for $217, which the wife *could not* discontinue and the husband *did not discontinue.*

### IV.

[1] 1. The Courts of Appeal have no *supervisory jurisdiction* over inferior courts; authority to issue remedial writs is given them only "in aid of their respective (appellate) jurisdictions." Const. 1921, art. 7, § 2, *in fine,* p. 36. This writ is not being sought in aid of any appellate jurisdiction. See Paul v. Tabony, 157 La. 400, 102 So. 503, and San-I-Baker Corp. v. Magendie, 157 La. 643, 102 So. 821.

[2] 2. When relator directed the attention of the trial judge to the fact that the suit had been discontinued as to it, this was a declining of his jurisdiction in the premises; and when the trial judge in effect overruled the plea to his jurisdiction by passing on the other exceptions, relator had exhausted his remedies in the court below.

[3] 3. Prohibition and certiorari are appropriate proceedings for inquiring into the *jurisdiction* of inferior courts, and into the *validity* of their proceedings. C. P. arts. 845, 855. Nor will an appeal always afford an adequate remedy in such cases.

[4] 4. There was no occasion for the husband to *discontinue* as to the "community" claim, since he had never sued for it, the prayer of the petition being for judgment *in favor of the wife* for the amount of said claim; and, pretermitting any question as to the *right* of the wife to sue for a community debt, even with the assistance of her husband, the fact remains that in this case the wife *did* sue for the "community" claim; hence, if she had capacity *to bring the suit,* then, by the same token, she also had capacity *to discontinue it.* See Knoblock & Rainold v. Posey, 126 La. 614, 52 So. 847.

### Decree.

The writ of prohibition herein issued is now made perpetual, and accordingly the judge of division D of the civil district court, parish of Orleans, and Louis Lavoy and Frances Tomberella, his wife, are hereby forbidden from proceeding further against relator Cudahy Packing Company, in the matter numbered 155175 on the docket of said court and bearing the same title as this. It is further ordered that the costs hereof be borne by said Louis Lavoy and wife.