No. 2847
Second Circuit

---

STATE EX REL. ALLEN R. GENTRY v. O'QUINN

(Oct. 11, 1926. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. Louisiana Digest—Mandamus—Par. 74; Courts—Par. 127.

The Court of Appeal has no jurisdiction over a rule to show cause why a mandamus shall not issue on the stenographer or clerk of a district court to compel them to comply with their duties until relator has exhausted his remedy before the District Court.

2. Louisiana Digest—Mandamus—Par. 74; Courts—Par. 127, 147.

Under Section 10 of Article VII of the Constitution of 1921 the Supreme Court has general supervisory jurisdiction over the District Court. Therefore, the Court of Appeal has no jurisdiction of a rule to show cause or mandamus suit directed to a district judge.

Application by State ex rel. Allen R. Gentry to have Court of Appeal issue a rule to A. H. O'Quinn, stenographer, B. S. Swett, clerk, and Honorable John F. Stephens, Judge, to show cause why a write of mandamus should not issue.

Application refused.

J. W. Jones, Jr., of Natchitoches.

This is an application by the relator, who is alleged to be the plaintiff in an action pending on the docket of the Tenth Judicial District Court of Louisiana in and for the Parish of Natchitoches, which action is styled Allen R. Gentry vs. W. F. Scott, in which it is sought to have this court issue a rule to A. H. O'Quinn, stenographer, B. S. Swett, clerk, and Hon. John F. Stephens, Judge of said court, to show cause why a writ of mandamus should not issue to the stenographer commanding him to deliver to the clerk the stenographic notes of evidence taken by him in said cause, and to the clerk, ordering and commanding him to file and place in the record in said cause the stenographic notes, and to the judge, ordering him to render and sign a judgment therein.

Considering the application in a general manner, we are of the opinion that this

court is without jurisdiction as to the stenographer and the clerk, for the reason they are officers of the Tenth Judicial District Court in and for the Parish of Natchitoches, which has control over them and jurisdiction to compel them to comply with their duties in cases pending before that court, and that this court could have no jurisdiction until relator shall have exhausted his remedy before the District Court; and, as to the judge, this court is without jurisdiction, for the reason, that general supervisory jurisdiction over the District Court is vested in the Supreme Court. See Section 10 of Article VII of the Constitution.

Lavoy et ux vs. Toye Bros., 159 La. 209, 105 So. 292.

Paul vs. Tabony, 157 La. 400, 102 So. 503.