No. 3911

Second Circuit

STATE EX REL. GRIFFIN v. MORGAN

(November 7, 1930. Opinion and Decree.)

Dhu Thompson, of Monroe, attorney for plaintiff, appellant.

Barksdale, Warren & McBride, of Ruston, attorneys for defendant, appellee.

DREW, J. Frank E. Morgan, Jr., the holder and owner of a chattel mortgage note in the amount of $553, on which principal amount had been paid $391, leaving a balance due of $162, applied to and obtained from the district judge on order of executory process. The note was signed by the intervener herein. The order for executory process was signed on April 22, 1930, and on the 5th day of May, 1930, intervener, the maker of the note, obtained from the court a rule directing the said Frank E. Morgan, Jr., to show cause why an injunction should not issue as prayed for.

The petition for the rule nisi alleged that she purchased from Morgan the property he was attempting to execute against, among which was a kelvinator cabinet, coil, and compressor valued at $150, and that she, with two others, signed the chattel mortgage note under which the executory process issued. She alleges false representation by the said Morgan in regard to what the kelvinator would do; alleges leakage of the acid used in operating the kelvinator and the destruction of much produce and food by the acid; that said leakage was due to defects in the machinery of the kelvinator, and in general that the kelvinator did not do what Morgan had represented it would do; and she further alleges that she has fully paid for all other items covered by the chattel mortgage and should be relieved from paying for the kelvinator.

She further alleges numerous items of damage and reconvenes for said damage caused her by said defective kelvinator. She prays for a rule nisi and finally for an injunction enjoining and restraining the sale of the property designated in the chattel mortgage.

Frank E. Morgan, Jr., through counsel, filed an exception of no cause of action and answered the petition of intervener, said answer being practically a general denial of the allegations of the petition.

The rule nisi was tried, after which a plea of prescription was filed. The lower court, in a lengthy written opinion, rejected the demand of intervener for a temporary injunction and dismissed her suit.

On August 14, 1930, intervener applied to this court for a writ of prohibition, mandamus, and certiorari to compel the district judge to grant the preliminary injunction and to order same granted, and in the alternative that a writ of prohibition issue staying and prohibiting the sale of her property by the sheriff of Lincoln parish and prohibiting the said Frank E. Morgan, Jr., from causing to be sold petitioner's property, as above alleged.

In answer to the rule, the respondent judge reviews the case by reference to his written opinion and justifies his action in refusing the injunction on the ground that the exception of no cause of action was good, in that the necessary allegations to support the suit are not contained in the petition, and on the further ground that the intervener failed to produce the necessary proof to make out her case.

The question that presents itself first is: What supervisory jurisdiction has this court over the district court?

Section 29 of Article 7 of the Constitution of 1921, reads as follows:

"The Court of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this Constitution, and all appeals shall be both upon the law and the facts."

Section 2 of Article 7 of the Constitution of 1921 reads as follows:

"The Supreme Court, the Courts of Appeal, and each of the judges thereof, subject to review by the court of which he is a member, and each district judge throughout the state including judges of the Civil and Criminal District Courts in the Parish of Orleans, may issue writs of habeas corpus, in behalf of any person in actual custody in cases within their respective jurisdictions; and may also, in aid of their respective jurisdictions, original, appellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process, and where any of said writs are refused, the appellate courts shall indicate the reasons therefor."

The Supreme Court of this state, in the case of Riccobono v. Kearney, reported in the 164 La. 844, 114 So. 707, 708, in interpreting these articles of the Constitution, said:

"From the foregoing provisions of the Constitution it appears that the Court of Appeal for the Parish of Orleans has appellate jurisdiction only, with the exception of the right to issue the writ of habeas, corpus, and the right to issue in aid of its jurisdiction, which is appellate only, save as here stated, writs of mandamus, certiorari, prohibition, and other needful orders and process."

This decision clearly holds that the supervisory jurisdiction of this court is only in aid of its appellate jurisdiction.

In the case of Wall et al. v. Tangipahoa School Board, reported in 9 La. App. 178, 119 So. 371, the Court of Appeal for the First Circuit of Louisiana held:

"It is only in aid of the appellate jurisdiction of the Court of Appeal that it can issue writs of prohibition, certiorari or mandamus. Where petition shows that no appeal is or will be asked for, the Court of Appeal will not issue a writ."

In the case before us the law forbids a suspensive appeal, and it is admitted that a devolutive appeal would be useless, as it would not prevent the sale of the property. Therefore, if any relief is to be given, it must be given under our supervisory jurisdiction, and we have no supervisory jurisdiction other than in aid of our appellate jurisdiction.

The Court of Appeal for the First Circuit again held in the case of State ex rel. Truxillo v. Gilbert, District Judge, et al., 128 So. 204, as follows:

"Court of Appeal has power to issue writs of prohibition, certiorari, and mandamus, only in aid of appellate jurisdiction.

"Court of Appeal cannot, by mandamus, compel district judge to grant injunction pendente lite to prevent sale under executory process, there being no appeal (Injunction Law, Act No. 29 of 1924)."

In the case of Paul v. Tabony, 157 La. 400, 102 So. 503, the Supreme Court of this state said:

"This is a mandamus proceeding to compel the judge of the civil district court to grant an appeal from an order dissolving a temporary restraining order and refusing to issue a writ of injunction.

"The purpose for which the injunction was sought was to restrain the execution of a judgment for a sum less than $2,000. The case is therefore within the appellate jurisdiction of the Court of Appeal, not of this court. Relator, therefore, asks that we order the judge to grant the appeal to the Court of Appeal. Our answer is that the petition for mandamus should be addressed to the Court of Appeal. That court has authority to issue writs of certiorari and mandamus in aid of its appellate jurisdiction. See section 2 of article 7 of the Constitution. Under section 10 of the same article of the Constitution, the Supreme Court has control and general supervision over all inferior courts, even in cases of which another court has appellate jurisdiction. But we do not exercise such jurisdiction when the relief sought is directly in aid of the appellate jurisdiction of another court, as, for example, when the complainant undertakes to compel the court of original jurisdiction to grant an appeal or to fix an appeal bond."

Under the Constitution of the state and the interpretation of same by the above decisions, we are clearly without authority to grant the relief prayed for by relator.

It is therefore ordered, adjudged, and decreed that the writs of prohibition, mandamus, and certiorari ordered issued by this court on August 14, 1930, are recalled; costs to be paid by relator.