ODOM, Justice.
 

 Putnam & Norman, Inc., relators here, filed suit against Lucius P. Levee on a claim amounting to $641.22. Defendant answered, denying the alleged indebtedness, and prayed for trial by jury. The court ordered the jury in accordance with the prayer and fixed the amount of the bond to toe given by the defendant at $200. Section 13, Act No. 135 of 1898.
 

 The case was tried on May 25, 1933. The jury failed to agree, and the court ordered a mistrial. On June 8, 1933, counsel for Putnam & Norman, Inc., asked that the case be refixéd for trial on June 22, 1933. The judge ordered the case fixed for that date to be tried before him. On June 9, counsel for the defendant, Levee, appeared in court and moved that the fixing of the ease for trial for June 22 be set aside on the ground that he was not present when the case was fixed, and that the fixing of the ease for trial before the court was illegal, for the reason that the court had granted an order for the trial of the ease before a jury, and that having done so it had lost' jurisdiction to try it. He asked for time in which to make an application for another jury. The court refused this; request and permitted the set
 
 *183
 
 ting of the case to stand, and gave counsel to understand that he would not permit the summoning of another jury.
 

 Whereupon, the defendant applied to the Court of Appeal, First Circuit, for writs of certiorari, prohibition, and mandamus. Putnam & Norman, Inc., relators here, but respondents in the Court of Appeal, opposed the granting of the writs by that- court on the ground that it had no supervisory jurisdiction over the district court except in aid of its appellate jurisdiction, as granted by section 2, art. 7, of the Constitution. The point stressed by counsel for Putnam & Norman, Inc., was, that inasmuch as the only complaint made by the relator in its application to the Court of Appeal was that the trial judge had erred in his refusal to call another jury tó try the case, and the only relief asked was that he be ordered to do so, the Supreme Court, and not the Court of Appeal, was vested with supervisory jurisdiction, because, if the relief sought was granted, it would not be in aid of its appellate jurisdiction. ■
 

 The Court of Appeal overruled this objection and ordered the case up and held 'that Levee, the defendant and relator in that court, was entitled to another trial by jury. Its judgment reads as follows:
 

 “For these reasons the alternative writs of mandamus and certiorari issued herein are now made peremptory and it is now ordered that the assignment of the case for June 22, 1933, be and the same is hereby held to have been illegal and is now set aside, and the respondent judg'e is now ordered and commanded not to permit, on motion of plaintiff, Putnam & Norman, Inc., the re-assignment of the case, until the proper proceedings have been taken to have a jury in attendance in the court for the date on which the trial is to be had for the purpose of trying the case.”
 

 Putnam & Norman, Inc., then applied to this court for writs of mandamus, certiorari, and prohibition, directed to the judges of the Court of Appeal, which writs were granted, and the case is now before us for review.
 

 We granted writs and ordered the case up in order that we might consider the question whether the Court of Appeal had supervisory jurisdiction over the district court under the above-admitted facts.
 

 Section 2, art. 7, of the Constitution of 1921, provides that the Supreme Court, the Courts of Appeal, and each of the judges thereof, may issue writs of habeas corpus, etc., “and may also, in aid of their respective jurisdictions, original, apfDellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs,” etc.
 

 Section 10 of the same article provides that: “The Supreme Court shall have control of, and general supervision over all inferior courts.” , '
 

 It is clear that the Supreme Court has general supervisory jurisdiction over and control of district courts, and that such general supervision and control was intended to be withheld from the Courts of Appeal. Those courts, however, have special or limited supervisory jurisdiction over the district courts in aid of or to enforce their own appellate jurisdiction. This means that in all eases appealable to the Courts of Appeal, those courts may issue remedial orders directing
 
 *185
 
 district judges to perform such official functions or to permit litigants to take such steps 'as may he necessary to enable them to get their cases up on appeal so that those courts may exercise their appellate jurisdiction. The Constitution grants to litigants in certain eases the right of appeal to the Courts of Appeal. In such cases, those courts are given power to enforce that right. T6 this extent and to this extent only are the Courts of Appeal granted supervisory jurisdiction over and control of inferior courts. They are vested with supervisory jurisdiction over district courts, and may control them only to the extent of compelling them to perform such functions as are necessary to enable a litigant to take and perfect his appeal. This power is granted for the reason that in the absence of such power the appellate court could not exercise its appellate jurisdiction; it could not exercise those functions for which it was created. It would be impotent to afford relief in those cases where it is given power to grant it on appeal.
 

 Beyond this, Courts of Appeal have no supervisory jurisdiction. The Court of Appeal in the instant case found that amount in dispute was less than its maximum jurisdiction, and therefore it would have jurisdiction in case of an appeal. It was of the opinion that the district judge erred in refusing to call a second jury to try the case. In order to correct that error, it exercised its supervisory jurisdiction, issued writs, and finally rendered judgment prohibiting the trial of the case before the judge, and ordering him to summon a second jury to hear it. The exercise of this power was clearly wrong, because manifestly the order was not in aid of or to enforce its appellate jurisdiction. If the district judge erred in his ruling, and if it be proper to correct that error by the exercise of the supervisory powers of any court, this court alone has that power.
 

 If, as the Court of Appeal held, it has supervisory powers in cases of this kind merely because it is vested with appellate jurisdiction, it follows either that the Supreme. Court has no general supervisory jurisdiction over district courts in cases appealable to .the Courts of Appeal, or that in such cases the Supreme Court and the Courts of Appeal have concurrent supervisory powers. Unquestionably the Supreme Court has such powers over all inferior courts because the Constitution in section 10 of article 7 specifically says so. This power to supervise and control all inferior courts is vested exclusively in the Supreme Court, with the single exception that Courts of Appeal may exercise that power in aid of their appellate jurisdiction, There is no split or division of this power between the Supreme Court and the Courts of Appeal. In State ex rel. Hirsch v. Judge, 39 La. Ann. 97, 1 So. 281, it was held that the Supreme Court was vested with exclusive jurisdiction to supervise and control all inferior courts except as above stated.
 

 The Court of Appeal held in the instant case that its power to issue writs in aid of its appellate jurisdiction “includes the protection of a right which may be urged on appeal to this court.”
 

 This holding is clearly erroneous. If the 1 rights of litigants can be protected on or by an appeal, there is no necessity for any court to exercise its extraordinary supervisory
 
 *187
 
 powers, and courts will not exercise such powers where the errors complained of may be corrected on appeal. Marr’s Revised Code of Practice, art. 857, and the many eases there cited. See, also, cases cited under article 876 at page 619.
 

 The supervisory powers of Courts of Appeal was discussed and decided in the following late cases: Paul v. Tabony, 157 La. 400, 102 So. 503; Riccobono v. Kearney, 164 La. 844, 114 So. 707; Lavoy v. Toye Bros. Co., 159 La. 209, 105 So. 292.
 

 The Court of Appeal had no jurisdiction in the premises, and for that reason its order must he set aside.
 

 It is therefore ordered and decreed that the preliminary writs heretofore issued be made peremptory, and that the order issued by the Court of Appeal be and the same is annulled and set aside.
 

 ST. PAUL, J., absent.