## STATE ex rel. EDWARDS v. PORTER et al.
### No. 1515.

Court of Appeal of Louisiana. First Circuit.
June 29, 1935.

Thos. Arthur Edwards, of Lake Charles, in pro. per.

### PER CURIAM.

The relator is the defendant in a suit instituted in the lower court in which the plaintiffs seek to obtain a judgment against him on certain promissory notes and further to have recognized a certain mortgage securing the same and decreeing the same executory against the property mortgaged.

Relator, upon service being made, petitioned the court for an order to stay all proceedings on the ground that he wished to avail himself of the provisions of Act No. 159 of the Regular Session of the Louisiana Legislature for the year 1934. The act mentioned is one authorizing the suspension of all laws relative to the judicial sales of mortgaged real estate during a certain period therein specified.

The prayer of the relator's petition is for an order on the attorneys for the plaintiffs commanding them to show cause within the time provided in the statute why a moratorium should not issue with suspension and stay of all other proceedings until January 1, 1936, or for such period of time as the court may grant.

The district judge refused to issue the order as prayed for, whereupon the relator presented this application for the necessary writs commanding the district judge to grant him the relief prayed for.

The Supreme Court in the case of Putnam & Norman, Inc., v. Lucius P. Levee, reported in 179 La. 180, 153 So. 685, 686, has clearly defined the power of the Courts of Appeal in this state to control district courts. It is therein made plain that the Courts of Appeal have supervisory jurisdiction over district courts to the extent only of compelling them to perform such functions as are necessary to enable a litigant to take and perfect his appeal. "This means," says the court, "that in all cases appealable to the Courts of Appeal, those courts may issue remedial orders directing district judges to perform such official functions or to permit litigants to take such steps as may be necessary to enable them to get their cases up on appeal so that those courts may exercise their appellate jurisdiction."

It is apparent, from the statements herein made, that such is not the relief the relator in this case is seeking to obtain from this court, and we are therefore compelled to refuse to grant the order as prayed for by him.