724

and due notice given attorneys for both appellant and appellee. At the hour fixed for trial, appellant made no appearance, either in person, by counsel, or by brief. We therefore conclude that the appeal has been abandoned, and it is dismissed at appellant's cost.

### On Application for Rehearing.

PER CURIAM.

Since the dismissal of the appeal in this case on the ground of apparent abandonment, counsel for appellant has filed an application for a rehearing. Therein it is shown that he was ill on the date fixed for hearing, and that counsel for appellee has consented to the granting of a rehearing and to our passing on the merits of the case on briefs submitted.

Under the express wording of the statute governing contests in primary elections, we are specifically prohibited from entertaining applications for rehearing. Section 27, Act No. 97 of 1922, as amended by Act No. 28 (Second Extra Session) 1935.

However, should a rehearing be authorized and granted, we would not have jurisdiction of the subject-matter. According to the unambiguous terms of the above-mentioned statute, and as announced by the Supreme Court in the case of Reid v. Brunot, 153 La. 490, 96 So. 43, the courts are powerless to act in primary election contests unless the contestant is able to claim, with some substantial basis to rest on, that he has been nominated. The contestant herein does not claim to have been nominated.

Rehearing refused.

Leo Gold, of Alexandria, for petitioner.

Isaac Wahlder, of Alexandria, for respondent.

PER CURIAM.

The Courts of Appeal are granted supervisory jurisdiction over and control of inferior courts only to the extent of aiding or enforcing their appellate jurisdiction. Putnam & Norman v. Levee, 179 La. 180, 153 So. 685; State ex rel. Griffin v. Morgan, 19 La.App. 709, 130 So. 868; Const. 1921, art. 7, §§ 2, 29.

Writ refused.

### ALLEMAND v. BABINEAUX.
#### No. 1543.

Court of Appeal of Louisiana.
First Circuit.
Feb. 20, 1936.

### BRASHER v. ST. TAMMANY HOLDING CO., Inc.,
#### No. 5258.

Court of Appeal of Louisiana. Second Circuit.
Feb. 25, 1936.