cy exercising that power, such as the defendant board, is ordered to make such compensation by the very statute creating it.

We are of the opinion that the judgment appealed from is erroneous and should be reversed, and it is for the reasons stated herein now ordered that the same be, and it is hereby, set aside, annulled, and reversed, and it is further ordered that the exceptions to the jurisdiction ratione personæ and of the defendant's right of immunity from suit without consent be both overruled, and that the case be remanded to the lower court for further proceedings, according to law. The costs of this appeal are to be borne by the defendant, and all other costs are to abide the final judgment in the case.

the district courts, other than in aid of our appellate jurisdiction. State ex rel. Griffin v. Morgan, 19 La.App. 709, 130 So. 868; Putnam & Norman v. Levee, 179 La. 180, 153 So. 685; Const.1921, art. 7, §§ 2, 29.

TALIAFERRO, J., takes no part.

## LEE v. NOBLES.
### No. 5685.

Court of Appeal of Louisiana. Second Circuit.

Jan. 28, 1938.

D. W. Gibson, of Harrisonburg, for petitioner.

John E. Johnson and H. Arthur Taliaferro, both of Harrisonburg, for respondent.

DREW, Judge.

Writ refused for the reason that this court has no supervisory jurisdiction over

## VILLEMARETTE v. SOVEREIGN CAMP, W. O. W.
### No. 5657.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

