## STATE ex rel. ANDERSON POST HARDWOOD LUMBER CO., Inc., v. BULLOCK, Clerk of Court, et al.

### No. 1822.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1938.

Woosley & Cavanaugh, of Leesville, for applicant.

PER CURIAM.

The application seeks to have this court compel the clerk of the district court of Vernon parish, and the judge thereof, to furnish a court stenographer to take the testimony in this case or provide some other method of taking the testimony when the case is called for trial.

■ This application for the exercise of our supervisory jurisdiction is not in aid of the appellate jurisdiction of this court. The matter over which we are asked to exercise supervisory jurisdiction pertains to the trial of the case, and not an appeal to this court. In fact, no appeal has as yet been asked for by the applicant, nor is it at all certain that it will ask for such appeal, as the applicant may not need nor require any appeal after the case is tried and decided.

Courts of Appeal are vested with supervisory jurisdiction over district courts, and may control them only to the extent of compelling them to perform such functions as are necessary to enable litigants to take and perfect their appeals. Putnam & Norman, Inc. v. Levee, 179 La. 180, 153 So. 685; State ex rel. Perron v. Fruge et al., La.App., 173 So. 575.

For these reasons, the application for alternative writs of mandamus is hereby refused.