UNITED STATES TIRE SUPPLY CO. v. GULF DIST. NAT. MARITIME UNION OF AMERICA.

No. 17228.

Court of Appeal of Louisiana. Orleans.

June 2, 1939.

R. A. Dowling, of New Orleans, for relator.

Clarence F. Favret, of New Orleans, for respondent.

PER CURIAM.

Relators, Arthur Thomas, Charles De-Gresse, and the National Maritime Union of America, an incorporated labor organization, applied to this court for alternative writs of mandamus commanding the judge of Division "A" of the Civil District Court for the Parish of Orleans to grant to them a suspensive appeal from a judgment granting to United States Tire Supply Company a preliminary injunction restraining relators and others from picketing the premises in which the said tire company conducts its business in this city.

It appears that the original injunction suit was brought against only one defendant, which was styled "Gulf District-National Maritime Union", but the defendants named above appeared in the original proceeding and averred that they were, in fact, the parties against whom the petition for injunction had been filed.

Relators aver that when the said court granted the said preliminary injunction, they applied for suspensive and devolutive appeals to this court and that their application for such appeals was refused and they now seek to have us compel the said court to grant to them a suspensive appeal.

It is evident that they were not, in fact, refused a devolutive appeal, for attached to their petition is a copy of the order refusing the appeal. This order reads as follows:

"Suspensive appeal applied for and refused.

"May 29th, 1939.
"(Signed)    H. C. Cage, Judge."

The question, then, is: Was the trial court justified in refusing a suspensive appeal from the judgment granting the preliminary injunction?

Section 5 of Act No. 29 of 1924 provides that, where a preliminary injunction is granted, the party enjoined shall be entitled to a devolutive appeal as a matter of right, but that he shall not be entitled as a matter of right to a suspensive appeal. The act further provides that "* * * after reasonable notice given to plaintiff's attorney of record of the time and place at which, and the court to which application will be made, the court may, in its discretion, allow to any party enjoined a suspensive appeal from any order granting a preliminary injunction, * * *".

We understand that this places the question of the granting of a suspensive appeal within the sound discretion of the court, and, therefore, it would not be proper for this court to order the trial court to grant the appeal except upon a showing of abuse of that discretion. It will be noticed that the statute from which we have quoted requires that the party intending to apply for the suspensive appeal must give notice to the other party of the time and place at which, and the court to which, the application will be made. It is obvious that the purpose of this requirement is to afford the other party—that is, the plaintiff who has obtained the injunction—the opportunity to defend the action of the trial court and to permit the party who applies for the appeal to make up a record on which he may rely to show the abuse of discretion by the court which refused the appeal.

In the record before us there is no allegation that any such notice was given and there is no record whatever from which we could reach the conclusion that the trial court abused its discretion in refusing to grant the suspensive appeal. We believe that the purpose of the statute was to place upon the defendant in injunction the duty not only of giving the notice, but of showing such facts as would prove that the District Court had abused its discretion. The said defendants in injunction here have shown no facts at all except that the preliminary injunction was granted. Therefore, from the record as it is now before us, it is impossible for us to say that there has been an abuse of discretion.

All of the other questions presented in relators' application involve the merits of the controversy and are not before us at this time. We have no jurisdiction of the matter now except that we may grant such orders as are necessary in aid of our appellate jurisdiction. Lavoy et ux. v. Toye

Brothers Auto & Taxicab Company et al., 159 La. 209, 105 So. 292; Putnam & Norman, Inc. v. Levee, 179 La. 180, 153 So. 685; Bailey v. Spiro, La.App., 169 So. 898; State ex rel. Anderson Post Hardwood Lumber Company, Inc. v. Bullock, Clerk of Court et al., La.App., 178 So. 638.

It is therefore ordered that the application of relators for alternative writs of mandamus, certiorari and prohibition be and it is denied, at their cost.

Alternative writs denied.