Application of CURRAN & TREADAWAY, Inc., et al.

O'SULLIVAN v. KNOP, Civil Sheriff, et al.

No. 17544.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1941.

See also 198 So. 191.

Warren M. Simon, of New Orleans, for relators.

P. M. Milner, of New Orleans, for Gerard W. O'Sullivan.

PER CURIAM.

The relators, Curran & Treadaway, Inc., and Warren M. Simon, are parties defendant in the above entitled suit which is now pending in the Civil District Court for the Parish of Orleans. They have applied to this court for alternative writs of mandamus, certiorari and prohibition commanding the Judge of Division B of the Civil District Court for the Parish of Orleans to maintain certain exceptions of no right or cause of action filed by the relators in the court below and to dismiss the plaintiff's suit at his cost.

Relators' claim that they are entitled to obtain the relief prayed for in their application for the reason that the plaintiff is seeking to enjoin them from executing a certain final judgment which relator, Curran & Treadaway, Inc., obtained against the American Bonding Company of Baltimore, Maryland, and that, if said injunction is granted by the court below after hearing on a rule nisi, they will not be permitted by law, Act No. 29 of 1924, to prosecute a suspensive appeal from the adverse judgment.

This court is not vested with the supervisory power to compel a trial judge to maintain an exception. It is the well settled jurisprudence of this State that the Courts of Appeal are without jurisdiction to issue writs of mandamus, certiorari and prohibition except in aid of their appellate jurisdiction. See Putnam & Norman v. Levee, 179 La. 180, 153 So. 685; Lavoy et ux. v. Toye Bros. Auto & Taxicab Co. et al., 159 La. 209, 105 So. 292; Bailey v. Spiro, La.App., 169 So. 898; State ex rel. Anderson Post Hardwood Lumber Co., Inc. v. Bullock, La.App., 178 So. 638; and United States Tire Supply Co. v. Gulf District National Maritime Union, La. App., 189 So. 352. The fact that the District Judge has overruled relators' exception and has set the case down for trial on a rule nisi is a matter which does not involve the appellate jurisdiction of this court. The Supreme Court has the exclu-

sive power, under Section 10 of Article 7 of the Constitution of 1921, to control and supervise all inferior courts.

It is therefore ordered that the application of relators for alternative writs of mandamus, certiorari and prohibition be and it is denied at their cost.

Alternative writs denied.