35 So.2d 589

McGEHEE v. TOWN OF KENTWOOD.

In re McGEHEE.

No. 38873.

April 26, 1948.

Ponder & Ponder, of Many, for relator.

Reid & Burch, of Amite, for defendant-respondent.

HAWTHORNE, Justice.

The sole issue presented by this case is whether a court of this state has jurisdiction to issue a restraining order and a preliminary injunction against a municipality, enjoining and restraining the municipality from molesting or interfering with the operation of a retail package liquor store, when the owner's permit to conduct such business has been withheld by the local authorities.

Relator, John H. McGehee, in his petition filed in the district court alleged that for the past three years he had been engaged in the operation of a retail package liquor store in the Town of Kentwood, Louisiana, but that his permit to conduct such business for the current year, 1948, had been withheld for the alleged reason that a building across the highway from his place of business had recently been remodeled and was being used for "church purposes". In this petition he further alleged that he was entitled to injunctive relief to enjoin and restrain the Town of Kentwood, its mayor and marshal, from molesting or interfering with the operation of his business, although he did not allege in what particular way or manner the town officials were molesting or interfering with the operation of his business, or even that

they were actually interfering with its operation.

Pursuant to his prayer, the lower court issued a temporary restraining order and a rule against the defendant town, through its proper officials, to show cause why a preliminary injunction should not issue restraining the officials from interfering with, molesting, or restricting the operation of plaintiff's business as a retail liquor dealer.

To the petition the defendant, Town of Kentwood, filed an exception, alleging that the district court was without jurisdiction to issue the restraining order or temporary injunction, the court being specifically prohibited therefrom by the provisions of Act No. 15 of 1934, Section 6, as amended.

On the trial of the rule to show cause why a preliminary injunction should not issue, the lower court vacated the restraining order previously issued and dismissed plaintiff's suit at his costs. From this judgment of dismissal he applied to this court for remedial writs, and the matter is now before us under our supervisory jurisdiction.

Act No. 15 of 1934, as amended, insofar as it concerns parishes and municipalities of this state, provides that such subdivisions are authorized and empowered to issue permits for the privilege of operating retail package liquor stores, similar to those permits authorized in the act to be issued for the state by the Collector of Revenue. The act provides that all such retail dealers

before engaging in such business are required to, and shall, obtain annually, dating from January 1 of each year, a permit to conduct such retail business, which permit shall be purely a personal privilege and good from the time of issuance until December 31 next following, unless sooner suspended or revoked pursuant to the provisions of the act; further, that any person engaged in the retail liquor business must file application for the permit, and that any dealer applying for renewal of a local permit for the ensuing year who makes his application before January 1 shall continue business under his old permit unless it has been suspended or revoked or the application for the renewal permit has been withheld or denied as provided in the act; further, that an applicant for a permit which has been withheld for some reason specified or authorized in the act may, within the time provided from receipt of notice that his permit is being withheld, appeal to the district court having jurisdiction of his place of business for review of the action of the local authorities in withholding the permit.

Section 6 of Act No. 15 of 1934, as amended by Section 2, Act No. 384 of 1946, provides in Subsection (c), Paragraph (5), that, in all questions involving the granting of a permit by local authorities, the courts of this state shall have no jurisdiction to interfere in any manner or to issue restraining orders and writs of injunction restraining such local authorities from proceeding under the provisions of the act, the jurisdiction of the courts being restricted to devolutive appeals to the district court where the place of business is located, and, further, that the action of any municipality in withholding such permit pursuant to the provisions of the act shall not be enjoined or superseded by any court, nor shall such action be suspended or stayed during the pendency of appeals to the courts.

Although relator prayed in his petition for injunctive relief restraining the officials of the town from interfering with the operation of his retail liquor business, the relief which he actually sought was injunctive relief restraining them from proceeding against him under the provisions of Act No. 384 of 1946 for operating his business in spite of the fact that his permit had been withheld for the year 1948. His suit, therefore, put before the court a question involving the granting of a permit when local authorities had withheld the issuance of a permit, and thus came within the provisions of Section 6 of the act, as amended, which specifically denies injunctive relief in such cases.

In our opinion, the district judge was therefore entirely correct in recalling the restraining order and denying the plaintiff a preliminary injunction. He conceded in his return to our rule issued herein, however, that he inadvertently and through error dismissed plaintiff's suit in its entirety when he signed the judgment of dismissal.

In relator's application to this court for writs, he alleged (1) that there was no legal ground for the refusal of the town to issue him a permit, and (2) that the municipal authorities had not complied with the provisions of the act. He pleaded in the alternative that Act No. 384 of 1946 was unconstitutional, as it sought to regulate the issuance of permits and denied a person the right of a hearing in court, or, in other words, was a denial of the due process clause of the Constitution.

If relator's petition filed in the lower court properly presents his two allegations, they may raise questions to be determined on the trial of this case on its merits in the district court. Although relator's alternative plea of unconstitutionality was alleged in his petition, the record discloses that this plea was not urged in, or passed upon by, the lower court, and for this reason is not before us in these proceedings.

For the reasons assigned, it is now ordered that the judgment of the district court be sustained insofar as it vacated and recalled the restraining order theretofore issued and denied to relator a preliminary injunction. It is further ordered that the judgment be reversed insofar as it dismissed plaintiff's suit, and that the case be remanded to the district court to be proceeded with according to law. Costs incurred in the application for writs are to be paid by relator; all other costs to await the final determination of the case.