PER CURIAM.
Plaintiff, being denied a license to sell alcoholic beverages, filed suit to require issuance thereof to him by respondents. According to the allegations of the application, the applicant has been so licensed by respondents since 1952.
On January 24, 1958, petitioner’s suit was dismissed after trial on the merits, which had the effect of putting his cocktail lounge out of business. Under LSA-R.S. 26:104, no suspensive appeal is afforded from the denial of an order to require issuance of alcoholic beverage sales permits. Petitioner applied for a devolutive appeal, his application for a suspensive appeal being refused.
In his application for remedial writs to this court, relator urges most strongly that his licenses had initially been revoked by the Town of Mandeville allegedly for the manner in which his business had been conducted, and that however upon his appeal for a trial de novo in the courts, the ground for suspension of his permit was changed to his alleged non-residence for two years. He urges most strongly that as a matter of law, the trial court wrongfully sustained the denial of the re-issuance to him of his alcoholic beverage permits.
He does not urge in this court his right to a suspensive appeal upon the alleged unconstitutionality of LSA-R.S. 26:104, cf. Wimberly v. White, La.App., 54 So.2d 869.
Instead he requests the remedial writ of a mandamus ordering a preliminary injunction enjoining the suspension of his license pending disposal of his appeal, and he requests the immediate issuance of certiorari to the end that this court inquire into the validity of the proceedings below.
While the issuance of such writs might lie within the supervisory jurisdiction of the Supreme Court, cf. McGehee v. Town of Kentwood, 213 La. 721, 35 So.2d 589, and action taken by the Court of Appeal, *319 First Circuit, in Wimberly v. White, 54 So.2d 869; Art. 7, Section 10, La.Constitution, LSA, it is plain that the courts of appeal as inferior appellate tribunals have supervisory jurisdiction restricted to that needed in aid of our appellate jurisdiction. Johnson v. Nobles, La.App., 178 So. 654; Lee v. Nobles, La.App., 178 So. 648; State ex rel. Griffin v. Morgan, 19 La.App. 709, 130 So. 868. The relator has not applied for writs in aid of our appellate jurisdiction; his application is based instead upon the inequity allegedly resulting from our restricted appellate jurisdiction in this type of case, restricted solely to devolutive appeals.
The application for such remedial writs is therefore denied.