## KING and GERSON *v.* W. J. Q. BAKER.

Under article 626 of the Code of Practice, orders of execution must be sealed with the seal of the court.

A surety upon a delivery bond taken under the statute of 1842, may avail himself of the defect, that there was no seal of the court upon the execution in the hands of the sheriff at the time the bond was taken.

A surety upon such a bond may avail himself of all the means of defence of his principal, which do not result from the condition or personal incapacity of the principal.

A surety cannot be bound, as a general rule, under more onerous conditions than his principal.

The rule that, in whatever manner a party chooses to bind himself, he shall be held to be bound, does not apply to judicial bonds. In such cases a sheriff has no power to take any other bond than that which he is authorized by law to take.

APPEAL from the District Court of the Parish of Ouachita, *Sharpe,* J. *Garret* and *Ludeling,* for plaintiffs. No principle of law is better settled than that, a person will not be allowed to deny the truth of judicial admissions made by him. 1 R. R. 544. 9 R. R. 381. 4 Ann. 293. 4 Ann. 416. 5 Ann. 22. 6 Ann. 719. Greenleaf's Ev. sec. 22, A party to a bond cannot object, that it is irregular, or that the sheriff had no right in the property. In whatever manner one thinks proper to bind himself, he shall be bound. 2 N. S. 672, 3 M. R. 569. 4 N. S. 25, 5 M. R. 194. 4 N. S. 122. 6 N. S. 123. 10 M. R. 197. 3 Ann. 234

By executing the bond, the defendant waived all right (if he had any) to object to irregularities or defects existing in the proceedings. 9 R. R. 186. " *Volenti non fit injuria.*"

Sureties are entitled to oppose all exceptions which are inherent to the debt, but not those which are personal to the debtor. C. C. 3037. Poth. Obli. 380-1. 12 M. R. 385. 10 L. R. 415.

*Baker,* for defendant. Even if the execution was properly admitted, it is shown that when the sheriff seized the slaves and took the bond, that the execution was without a seal of court. It was, then, no execution at all. C. P. 626, 724. Plaintiffs acquired no rights under it. nor could any be acquired ; no bond could be taken under it ; there is nothing for such bond to stand on. All such bonds presuppose a legal execution. If the principal obligation is null, or that upon which it stands is null, the penal clause is also null. C. C. 2109. 6 R. R. 450. *Welch* v. *Thorne,* 16 L. R. 188. 18 L. R. 166. 5 Ann. 514.

The bond was without a cause. The law only permits the defendants in execution to bond their property. Acts of 1842. p. 210, sec. 2. As to *Mrs. Crownritch* and her security, the bond is a mere *nude pact.* C. C. 1887, 1890. 17 L. R. 118. 5 R. R. 101. 1 Ann. 192.

*Mrs. Crownritch* executed the bond in error of fact, and is not bound, *ignorantia facti excusat.* 10 L. R. 376. The rule, that in whatever way a man binds himself, so is he bound, has no application in this case. *Welch* v. *Thorne,* 16 L. R. 118. Ib. 173. 9 R. R. 535. 4 Ann. 374.

By the court:

ROST, J. The plaintiff brought suit against *W. J. Q. Baker,* on a bond executed by *Ellen A. Crownritch* and the said *Baker,* as her surety, conditioned that certain slaves seized at the suit of the plaintiffs, as the property of *John M. Crownritch,* the husband of the principal in the bond, should be delivered to the sheriff on the day·of sale, which bond had become forfeited by the non-delivery of the slaves at the time stipulated.

The defendant resists the payment of the bond on two grounds: 1st. That there was no legal execution in the hands of the sheriff at the time he took the bond. 2d. That the defendant alone had the right to give a delivery bond, and there is no law authorizing the sheriff to take the bond sued upon.

The plaintiffs have appealed from the judgment rendered in the court below in favor of the defendant.

It is proved, that the seal of the court was not affixed to the writ under which the sheriff seized the slaves, and that this defect was only supplied after the bond sued upon had been executed.

It is not denied, that, under article 626 of the Code of Pratice, orders of execution must be sealed with the seal of the court; but the plaintiffs contend, that the defendant in execution alone can take advantage of the informalities of the proceedings in the suit or under the judgment, and that *Baker* is a stranger to him and should not be permitted to assert his privileges or to dispute the validity of the seizure of his property.

It appears to us, that this argument proves too much. If the principal in the bond represented her husband, and acted in his behalf, her surety was, in fact, the surety of the defendant in execution, and may avail himself of all the means

KING
*v.*
BAKER.

of defence of his principal which do not result from his condition or his personal incapacity. A surety cannot be bound, as a general rule, under more onerous conditions than his principal. *Gilbert* v. *Meriam*, 2 Ann. 160.

If, on the other hand, the principal and surety on the bond are strangers to the defendant in execution, then it is clear that the sheriff had no authority to take the bond, because the act of 1842, under which it was taken, gives to the defendant alone the privilege to retain in his possession the property seized, on executing a delivery bond.

The plaintiffs invoke the rule, that in whatever manner a party chooses to bind himself, he should be held to be bound; but we have uniformly adhered to the decision of our predecessors, in the case of *Slocumb* v. *Roberts*, that this rule is not applicable to judicial bonds, and that, in such cases, a sheriff has no power to take any other bond but that which he is authorized by law to take. 16 L. R. 174.

The judgment is affirmed, with costs.