(115 So. 648)

No. 29016.

### ALLEN v. ALLEN et al.

### In re ALLEN et al.

Jan. 18, 1928. Rehearing Denied Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

1. **Courts** ⚖️204—**Supreme Court has supervisory jurisdiction over case involving plaintiff's right in sequestration suit to dismiss after securing property under forthcoming bond (Const. art. 7, §§ 2, 10).**

Under Const. art. 7, § 10, granting Supreme Court general supervision over proceedings in all other courts, Supreme Court has supervisory jurisdiction over case involving right of plaintiff in sequestration suit to dismiss his suit after securing possession of property under a forthcoming bond before hearing on order to show cause why sequestration bond originally filed should not be increased; supervisory jurisdiction of courts of appeal under section 2 being confined to issuance of writs and orders necessary in aid of its appellate jurisdiction.

2. **Courts** ⚖️204—**Order allowing appeal to Court of Appeal did not defeat right to invoke supervisory jurisdiction of Supreme Court.**

Order of trial judge granting defendants in sequestration proceeding right to appeal to Court of Appeal did not deprive such defendants of right to invoke supervisory jurisdiction of Supreme Court when they observed that an appeal would be of no avail.

3. **Appeal and error** ⚖️395—**Order for appeal did not go into effect on failure to file appeal bond.**

Where defendants, allowed an appeal to Court of Appeal, did not avail themselves thereof by filing an appeal bond, the order for appeal did not go into effect.

4. **Appeal and error** ⚖️459—**Order allowing appeal in sequestration proceeding, failing to fix amount of bond, did not constitute valid order for suspensive appeal.**

Where judge, on granting an order of appeal in sequestration proceeding involving ownership and possession of property which had been sequestered, did not fix or determine amount of bond to be given for suspensive appeal, there was no valid order for suspensive appeal, since amount of bond required could not be determined according to law.

5. **Dismissal and nonsuit** ⚖️12—**Trial court improperly permitted plaintiff in sequestration proceeding to discontinue suit after obtaining possession of property on forthcoming bond (Code Prac. arts. 269, 280).**

In sequestration proceeding, wherein defendants had secured a rule to show cause why sequestration bond should not be increased, trial judge improperly permitted plaintiff to discontinue his suit after securing possession of property on a forthcoming bond pending hearing on rule to show cause, since, under Code Prac. art. 269, purpose of sequestration writ is to secure control of court over property, and, under article 280, forthcoming bond only requires that property shall not be taken out of jurisdiction or made improper use of.

Sequestration suit by W. S. Allen against W. B. and A. W. Allen was dismissed on plaintiff's motion, and defendants bring original certiorari and mandamus. Relief granted.

Kennon & Kitchens, of Minden, for relators.

A. S. Drew, of Minden, for respondent.

O'NIELL, C. J. The plaintiff, claiming ownership of an outfit of machinery and paraphernalia in a clothes cleaning and pressing establishment conducted by the defendants in the town of Minden, and averring that the outfit had cost him $1,318.50, obtained a writ of sequestration, on a bond of $1,000, under which the sheriff seized the outfit. An itemized inventory and appraisement of the property sequestered, consisting of two pressing machines, a boiler, motor, underground gas tank, two pumps, a washer, dry cleaner, extractor, dry tumbler, piping, and fixtures, a

sewing machine, cash register, and Chevrolet truck, showed a total valuation of $3,957.50. The defendants filed a motion to increase the sequestration bond, and the judge issued a rule on the plaintiff to show cause why the bond should not be increased. The rule was made returnable on the 15th day after the date of the motion and order. The defendants did not release the property under a forthcoming bond within ten days from the service of the notice of seizure, and on the 12th day—which was eight days before the return day of the rule to show cause why the sequestration bond should not be increased—the plaintiff presented a petition to the judge in chambers, and obtained an ex parte order allowing the plaintiff to release and take possession of the property under a forthcoming bond for $1,500. Two days afterwards—being six days before the return day of the rule to show cause why the sequestration bond should not be increased—the plaintiff presented a petition to the judge in chambers, and obtained an ex parte order dismissing the suit at plaintiff's cost. On the day on which the plaintiff was to show cause why the sequestration bond should not be increased, the defendants, finding that the suit had been dismissed, filed a motion in open court, praying that the court either rescind the order dismissing the suit or order the sheriff to return to the defendants the property which the sheriff had sequestered. The judge overruled the motion, and thereupon granted the defendants, plaintiffs in the motion, an order of appeal, returnable to the Court of Appeal at Shreveport, and fixed the bond at $50 for a devolutive appeal, declaring that the bond was fixed according to law for a suspensive appeal. The defendants did not file an appeal bond, but gave notice to the judge and to the plaintiff that an application would be made to the Supreme Court for writs of certiorari and mandamus. On the petition of the defendants this court

issued the writ of certiorari, bringing up the record in the case, and ordered the judge and the plaintiff, respondents in this proceeding, to show cause why the judge would not either rescind his order dismissing the suit or order the sheriff to retake possession of the property sequestered and return it to the defendants.

The judge, in answer to the rule issued by this court, does not undertake to justify his order or ruling complained of, but contends merely that the only relief or remedy which the law afforded the defendants in the case was to appeal to the Court of Appeal at Shreveport. The plaintiff in the case, in his answer, as respondent in these proceedings, also contends that the only relief or remedy which the law afforded the defendants in the case was to prosecute an appeal to the Court of Appeal at Shreveport, and that the Supreme Court has neither appellate nor supervisory jurisdiction over the case. Further answering, the plaintiff, as respondent in this proceeding, insists that he had the right to discontinue his suit in the district court, notwithstanding the order which had been served upon him to show cause why his sequestration bond should not be increased, and that he was and is yet ready and willing to try the rule to show cause why the sequestration bond should not be increased.

According to the record before us, the plaintiff in the case did not file an answer to the rule to show cause why his sequestration bond should not be increased. There was no necessity or reason for his answering the rule to show cause why his sequestration bond should not be increased, after he was allowed to discontinue his suit and retain possession of the property which was taken from the defendants under the writ of sequestration, and turned over to the plaintiff under a forthcoming bond. The record before us, which the clerk certifies is a full and complete transcript of all proceedings had and docu-

ments filed in the case, does not contain a copy of the forthcoming bond on which the plaintiff is supposed to have taken possession of the property sequestered, or any indication that any such bond was filed. It seems to be conceded, however, that the plaintiff did file such a bond for $1,500; and, for sake of argument, we assume that the forthcoming bond, fixed by the judge at $1,500, was filed before the suit was dismissed.

[1] There is no merit in the plea that this court has not supervisory jurisdiction over the case. As far as the record shows, the court has even appellate jurisdiction over the case, for the value of the property, the title and possession of which is the subject-matter in dispute, is far above the $2,000 minimum limit of the appellate jurisdiction of this court. Conceding, however, for sake of argument, that the Court of Appeal has appellate jurisdiction over the case, the Supreme Court has supervisory jurisdiction, for the court has·general supervision over the proceedings in all other courts of the state. Const. art. 7, § 10. The supervisory jurisdiction of the Courts of Appeal, granted in section 2 of the same article of the Constitution, is confined to the power to issue such writs and orders only as are necessary in aid of the court's appellate jurisdiction. Keegan v. Board of Commissioners, 154 La. 639, 98 So. 50; Paul v. Tabony, 157 La. 400, 102 So. 503; Lavoy v. Toye Brothers Auto & Taxicab Co., 159 La. 209, 105 So. 292; Keiffe v. La Salle Realty Co., 163 La. 824, 112 So. 799.

[2-4] The judge's order allowing the defendants to take an appeal did not deprive them of the right to invoke the supervisory jurisdiction of the Supreme Court, when they observed that an appeal would be of no avail. The order for an appeal did not go into effect, because the defendants did not avail themselves of it by filing an appeal bond. In fact, there was no valid order for a suspensive appeal because the judge did not fix or determine the amount of the bond to be given for a suspensive appeal, and, as the matter in contest was not a sum of money, but the ownership and possession of the property which had been sequestered, the amount of the bond required for a suspensive appeal could not be determined according to law. Aside from all of these considerations, we doubt that an appeal from the orders complained of would have been an appropriate remedy. The judgment or order complained of was a dismissal of the suit at the cost of the plaintiff, and, to that extent, was in favor of the defendants. Their complaint was that the judge had not heard or disposed of the rule to show cause why the injunction bond should not be increased, before he dismissed the suit, and that he refused, in dismissing the suit, to restore the status quo ante by ordering the sheriff to return the property to the defendants. An appeal—even a so-called suspensive appeal—would have left the plaintiff in possession of the property which had been summarily taken from the defendants by means of the writ of sequestration, and turned over to the plaintiff without allowing the defendants an opportunity to defend against the suit.

[5] The district judge should not have allowed the plaintiff in this case to abuse the process of law as he did by discontinuing his suit after he had taken possession of the sequestered property on a forthcoming bond, and while there was pending in court a rule against him to show cause why his sequestration bond should not be increased. The purpose of a writ of sequestration, in a suit for possession of property of which the ownership is in dispute, is that the court, through its executive officer, shall have and retain control over the property until the suit is finally decided, in order that the property may be delivered to him who is adjudged entitled to it. Code of Practice, art. 269. The only conditions of the forthcoming bond,

on which a party to the suit may release and take possession of movable property that has been sequestered, are that he shall not send the property out of the jurisdiction of the court, or make an improper use of it, and that he will faithfully return it *after definitive judgment*, if ordered to return it to the other party to the suit. Code of Practice, art. 280. Any other condition inserted in such a bond is invalid. Welsh v. Barrow, 9 Rob. 535; Mulligan v. Vallee, 31 La. Ann. 375. "In such cases a sheriff has no power to take any other bond than that which he is authorized by law to take." King & Gerson v. Baker, 7 La. Ann. 570. "Sequestered property, when there is a judgment of nonsuit, is to be replaced by the sheriff, in the hands of the person from whom it was taken." Hasluck v. Morgan, 2 Mart. (N. S.) 9.

Our conclusion is that the relators are entitled to the relief prayed for.

It is ordered that the district judge either rescind his order dismissing this suit, and reinstate the case on the docket of his court with the status which it had, and restore all parties to the rights which they had before the suit was dismissed, or order the sheriff to retake possession of the property sequestered and return it to the defendants W. B. and A. W. Allen. The respondent in this mandamus proceeding, W. S. Allen, is to pay the costs hereof.