PONDER, Justice.
 

 The relators, Missouri Pacific Railroad Company and Guy A. Thompson, trustee in bankruptcy of the Missouri Pacific Railroad Company, seek by mandamus to compel Honorable Cleveland Dear, Judge of the Ninth Judicial District Court for the Parish of Rapides, to grant a suspensive- appeal from a judgment rendered by him on June 25, 1945 in the suit of Rapides Central Railway Company v. Missouri Pacific Railroad Company et al. or, in the alternative, for the devolutive appeal bearing No. 37,957 of the docket of this Court taken in said cause to be treated as- a suspensive appeal.
 

 The plaintiff, Rapides Central Railway Company, brought suit against the Missouri Pacific Railroad Company and Guy A. Thompson in the lower court to expropriate a. crossing over the tracks and right of way of the defendant railroad company for the. construction of an overpass or viaduct.
 

 • The defendants excepted to the plaintiff’s' petition on the ground that the plaintiff was without “qualification, capacity, right, power, and authority to exercise the power of eminent domain or expropriation herein sought.”
 

 The trial judge overruled the exception, and the defendants applied for and obtained a suspensive and devolutive appeal to this Court from the judgment overruling the exception.
 

 After the appeal was lodged in this Court, the appellee moved to dismiss it on the following grounds: (1) that the appeal was not properly and timely taken and made returnable as required by law; (2) that the Supreme Court was without jurisdiction to entertain the appeal; and (3) that the judgment rendered by the district court was not a definitive judgment but a mere interlocutory judgment from which no appeal is allowed by law.
 

 Upon hearing, this Court sustained the motion and dismissed the appeal on the ground that the judgment was a prelimin
 
 *29
 
 ary or interlocutory decree from which no injury could be suffered and pointed out that the defendants could obtain relief by appeal from a judgment on the merits of the case. See 207 La. 870, 22 So.2d 200.
 

 The lower court, upon trial of the merits, gave judgment in conformity with the verdict of the jury of freeholders, granting the plaintiff a crossing, servitude or passage, and right of way by overhead viaduct over and across the tracks and right of way of the railroad of the defendants upon payment of $800 to the defendants.
 

 The defendants applied for a suspensive and devolutive appeal from the final judgment. The lower court granted a devolutive appeal but refused to grant the defendants a suspensive appeal. The devolutive appeal hears No. 37,957 of the docket of this Court.
 

 The defendants applied to this Court for a writ of mandamus, seeking to compel the trial judge to grant a suspensive appeal from the judgment of the lower court and, in the alternative, asked that the devolutive appeal lodged in this Court be treated as a suspensive appeal. A rule was issued directing the plaintiffs to show cause why the relief prayed for should not be granted. In response thereto, the respondents take the position that the writ is in aid of appellate jurisdiction, and that this Court is without right to entertain such for the reason that the jurisdiction of the appeal is vested in the Court of Appeal. The rule is now submitted for our determination.
 

 From an examination of the plaintiff’s petition, seeking expropriation, we find that the value of the right of way is alleged to be $50. The judgment of the trial court awards the defendants $800 for the right of way. There is nothing in the'pleadings to show that the right of way is worth an amount in excess of that awarded by the lower court.
 

 It appears from an examination of the application for the writ of mandamus and the relators’ brief in support of the rule issued herein that the relators’ complaint is not levelled at the award of the jury of freeholders but at the legal right, power, and authority of the respondents to expropriate the right of way.
 

 Under the provisions of Article VII, sec. 10, of the Constitution, the amount involved herein is not sufficient to grant us appellate jurisdiction in this cause.
 

 From our examination of the record, no constitutional question over which we have jurisdiction has been raised in the case. The relators do , not contend, in their brief, that this Court is vested with jurisdiction because of any constitutional question. Their contention is levelled wholly at the right, power,-and authority of the respondent to expropriate, which would not give us jurisdiction bf the appeal when the amount involved is less than $2,000. Paul v. Tabony, 157 La. 400, 102 So. 503; 112 A.L.R. 1351, 1365. Also see: State ex rel. McMain v. Town of Pollock, 108 La. 594, 32 So. 558; McCune v. White, 137 La. 310, 68 So. 621; Lavoy v. Toye Bros. Auto & Taxicab Co., 159 La. 209, 105 So. 292; Allen v. Allen, 165 La. 437, 115 So. 648; Putnam & Norman, Inc. v. Levee, 179 La.
 
 *31
 
 180, 153 So. 685; State v. Cook, 197 La. 1027, 3 So.2d 114.
 

 This Court has refused on previous occasions to issue writs in aid of appellate jurisdiction in cases appealable to the courts of appeal and stated in more than one instance that writs of such nature should be addressed to the court having appellate jurisdiction of the case. Paul v. Tabony, supra.
 

 The relators contend that this Court should determine the question raised by the writ applied for and direct a suspensive appeal even though this Court should decide to transfer the case to the court of appeal. They base-their contention on the ground that this Court passed on the interlocutory decree heretofore mentioned.
 

 At the time the appeal from the interlocutory decree was submitted to this Court, we had no means of determining the value of the property involved except from the allegations in the plaintiff’s petition to the effect that the value of the right of way was $50, an amount not appealable. After the trial of the case on the merits, we find that the amount involved does not grant us appellate jurisdiction under the provisions of the Constitution, but comes within the jurisdiction of the Court of Appeal.
 

 In view of the fact that the relators have asked in the alternative that the devolutive appeal from the judgment on the merits of the cause, bearing No. 37,957 of the docket of this Court, should be dealt with as a suspensive appeal, that record as well aé1 the writ herein applied for together with the rule issued should b& transferred to the Court of Appeal for the Second Circuit for disposition.
 

 Under the provisions of Act 19 of 1912, this Court has authority to transfer cases on appeal to the courts of appeal in event they are vested with jurisdiction. While no provision is made in this Act for the transfer of a rule or writ, yet, since the relators seek in the alternative to have the devolutive appeal considered as a suspensive appeal, we have authority under the Act to transfer the appeal as well as any proceedings incident thereto. Transferring the whole proceedings will expedite the trial of the cause under the circumstances. Otherwise, we would merely dismiss the rule, and proceedings would have to be taken to have the devolutive appeal transferred.
 

 For the reasons assigned, the appeal in the case of Rapides Central Railway Company v. Missouri Pacific Railroad Company et al., bearing docket No. 37,957 of this Court, the application for a writ of mandamus, and the rule issued in the case of Rapides Central Railway Company v. Missouri Pacific Railroad Company et al., bearing docket No. 37,959 of our Court, are transferred to the Court of Appeal for the Second Circuit, provided the appellants and relators file the records in that court within thirty days from the date on which this decree becomes final. Otherwise, the appeal and the rule issued in the mandamus proceedings shall stand dismissed. The appellants and relators to pay the costs of the appeal to this Court and the costs of the mandamus proceedings. All other costs to await the final disposition of the case.