HOME GAS COMPANY, Plaintiff, *v.* LOUISE E. ECKERSON, Defendant.

County Court, Rockland County, January 18, 1950.

*Lexow & Jenkins* for plaintiff.

*Walter A. McDermott* for defendant.

DOSCHER, J. On the 15th day of August, 1949, the Home Gas Company, petitioner herein, petitioned this court through a petition duly verified for a judgment permitting said petitioner to condemn the real property described in the petition and owned by the respondent for the public use specified in said petition, namely: the transmission of natural gas through a pipe line from Port Jervis to Orangeburg. The respondent, Louise E. Eckerson, through her attorney duly filed her answer which in substance denied the right of the petitioner to condemn; orally amended her answer on trial alleging that such condemnation was contrary to the Constitution of the United

States in that the petitioner was taking property without due process of law; and alleged that the petition herein did not comply with the Condemnation Law.

On the 17th day of August, 1949, the court, pursuant to section 24 of the Condemnation Law, permitted the petitioner to enter immediately upon the real property and devote it temporarily to the public use specified in the petition. On the 28th day of November, 1949, the note of issue was filed and the case set for trial.

At the opening of the trial of the issues herein on the 12th day of December, 1949, the petitioner, through its attorneys moved to strike out the respondent's answer on the ground that the pipe line had already been built, was now in use and, therefore, the issues had become academic. Decision was reserved and the motion was again urged at the conclusion of the trial. The granting of said motion would eliminate any further consideration of the issues herein. The court will now consider said motion.

There can be no question, as the attorneys for the petitioner brought out in their argument to the court, that courts in this State have refused, and rightly so, to pass upon academic or moot questions when all there is left of an issue is, in effect, a decision on an abstract question of law. Here the statute itself creates a different situation. Section 24 of the Condemnation Law of the State of New York gives the court power to permit immediate entry upon real property to be taken, but only temporarily. In the same section, the law provides for the contingency of the dismissal or abandonment of the petition, thus indicating to all persons who would in any way be affected by said law that their rights would not and could not be cut off by a miscarriage of discretion on the part of the court. It cannot now be urged in the face of such direction of the law-making body of this State that the issues have become academic merely because temporary occupation was permitted. The motion is therefore denied and we will now proceed to the issues involved herein.

The Home Gas Company is a domestic corporation organized on or about the 7th day of June, 1897, for the purpose of purchasing, transporting and selling natural gas at wholesale and is subject to the control of the Public Service Commission of the State of New York.

Even though organized pursuant to the Business Corporations Law of the State of New York, the petitioner has all the powers and privileges and is subject to all the duties, liabilities

and limitations imposed by the Transportation Corporations Law. (Transportation Corporations Law, § 5.) The petitioner is a gas corporation within the meaning of section 10 of the Transportation Corporations Law in that it is " organized to * * * acquire and to supply for public use artificial or natural gas or a mixture of both gases for light, heat or power and for lighting the streets and public and private buildings of cities, villages and towns in this state."

As such a gas corporation, the petitioner has power and authority pursuant to section 11 of the Transportation Corporations Law " * * * to acquire such real estate as may be necessary for its corporate purposes and the right of way through any property in the manner prescribed by the condemnation law." The courts of this State have frequently held that a legislative direction indicating that the use is a public one is to be given the greatest weight. (*Matter of Bloomfield & Rochester Natural Gas Light Co.* v. *Richardson,* 63 Barb. 437; *Matter of Long Sault Development Co.* v. *Kennedy,* 158 App. Div. 398, affd. 212 N. Y. 1; *Matter of City of New York [Ely Ave.*], 217 N. Y. 45; *Munn* v. *Illinois,* 94 U. S. 113.)

After a declaration of the Legislature of the State of New York, pursuant to a resolution proposed by the Assemblyman of Rockland County (N. Y. Legis. Doc., 1948, No. 28), the whole question of the public emergency and public use and necessity was submitted to the Public Service Commission on the 18th day of May, 1949. The Public Service Commisssion issued their findings which in effect stated that the building of the gas line as proposed in this case was " convenient and necessary for the public service." Pursuant to decisions heretofore rendered by the courts in this State, the determination of the Public Service Commission must also be considered by the court in determining the issues, even to the extent that such decision is final, at least, as against a collateral attack. (*Stanley* v. *Jay St. Connecting R. R.,* 182 App. Div. 399, affd. 227 N. Y. 639.)

If the above determinations of the lawmaking body of this State and the Public Service Commission are not sufficient to establish the fact that the petitioner herein is clothed with a public interest and that the laying of the pipe line is a public necessity, the facts themselves indicate such interest and necessity. It is not reasonable to assume that the law would require the local gas companies to construct facilities of the magnitude required in this instance. It would be a gross miscarriage of justice and absolutely beyond the purport and intent of a true

republic if the citizens of this county were denied the advantages open to them purely because of the inability of local utilities to engage in such far-reaching construction. Likewise, the majority of citizens should not be denied the benefits derived from the use of natural gas purely because of proprietary property rights of one or two individuals. This case is another example to show that the rights of a few must yield to the common good of the entire community.

The petitioner corporation provides the means of gas supply to two public utilities. It may be argued that it is engaged in a private business but its business is closely related to the public interest. If the position of the respondent was carried to its ultimate conclusion, it would operate to prevent a purchase of supply of natural gas by a public utility from a private corporation regardless of public necessity or convenience. The courts have long held that it is not necessary for a corporation to sell or service all of the public directly. (*Matter of Burns,* 155 N. Y. 23; *Munn* v. *Illinois,* 94 U. S. 113, *supra.*) Even though as admitted here the petitioner sells to only two customers, that service, in effect, redounds to the benefit of the entire population serviced by the two local utilities.

Although it was not brought out in any of the pleadings or in testimony, it is reasonable to assume that a corporation of the size and wide scale operation of the petitioner is a holder of a certificate of public convenience and necessity under the Federal law. If such an assumption is correct and the petitioner complied with all the requirements of the Federal law, it would have an absolute right of eminent domain as provided in paragraph (h) of section 717f of title 15 of the United States Code.

Therefore, the respondent or the person whose land is being taken for the purposes outlined in the petition, cannot complain that her land is being taken without due process of law unless the petitioner has failed to comply with the necessary jurisdictional and ministerial acts required by the Condemnation Law.

The petitioner herein has complied in all respects with the Constitution of the State of New York and all statutes resulting therefrom in all proceedings in this case.

After reading all the pleadings herein and after due and adequate consideration of the evidence, it is the decision of this court that the public use and interest requires the condemnation of the real property described in the petition for a right of way or easement over the properties specified in said petition; that the petitioner is entitled to take and hold such

property or right of way for the public use specified .in the petition by making proper compensation; and that a commission of appraisal be appointed to ascertain the compensation to be made to the owners or other persons interested in said land for the property rights, easements or right of way taken. Judgment is therefore granted to the petitioner with costs to be taxed against the respondent by the clerk at the same rate as is allowed to the prevailing parties for the trial of an action in the Supreme Court pursuant to section 16 of the Condemnation Law.

Submit findings and judgment accordingly.