PARKES et al. v. NATURAL GAS
PIPE LINE CO. OF AMERICA.

No. 34392.    April 8, 1952.

*249 P. 2d 462.*

Richardson, Shartel & Cochran and R. C. Jopling, Jr., Oklahoma City, and Vincent Dale, Guymon, for plaintiffs in error.

Rizley, Tryon & Sweet, Guymon, S. A. L. Morgan and Charles C. McDugald, Chicago, Ill., and Monett, Hayes & Bullis, Oklahoma City, for defendant in error.

GIBSON, J.   We shall designate the parties as they appeared in the trial court.   Plaintiffs in error were defendants.

Plaintiff, a Delaware corporation, commenced this action in the district court of Texas county seeking to condemn a part of defendants' land for construction of a 26-inch natural gas pipe line to extend from the Texas Panhandle across Texas county, Oklahoma, to various points in the States of Kansas, Nebraska, Iowa, Wisconsin, Illinois and Indiana, and that portion of the line across defendants' land is to be a part of plaintiff's interstate gas transportation system.   The gas in the pipe line is not to be sold in Oklahoma but will be sold to utilities for resale in numerous communities in the other named states, including the Chicago area.

Plaintiff purchases natural gas from only one producer within the State of Oklahoma, the Panoma Corporation, and is not a common carrier or common purchaser within Oklahoma.

92

In this case we are concerned with the jurisdiction of the trial court and with plaintiff's right to prosecute the action under the record before us. Plaintiff says that it is a natural gas company within the meaning of the Natural Gas Act, Tit. 15 U.S.C.A. §§717-717w, as amended, and engaged exclusively in interstate transportation and sale of natural gas and that it is subject to the jurisdiction of the Federal Power Commission. It claims no right of eminent domain under the Constitution or statutes of Oklahoma, but relies solely upon the powers delegated to it by the United States under provisions of §717f(h) of the Natural Gas Act.

Plaintiff was issued a certificate of public convenience and necessity by the Federal Power Commission.

Defendants filed a general denial, admitted ownership of the property and alleged that plaintiff was not entitled to exercise the right of eminent domain.

The trial court appointed three commissioners, who in due time filed their report assessing defendants' damage at $750. Defendants filed an amended answer and demand for a jury trial. They denied jurisdiction of the court and alleged plaintiff had not complied with the laws of Oklahoma and especially Tit. 52 O.S. 1941. They further allege that the amendment to the Natural Gas Act, Tit. 15 U.S.C.A. §§717f(h), relied upon by plaintiff, was unconstitutional and in violation of the 5th Amendment of the United States Constitution, and in violation of §23, art. 2, Oklahoma Constitution.

On the trial date the parties entered into certain stipulations and defendants thereupon objected to the introduction of evidence by plaintiff for the reason that the petition of plaintiff did not state a cause of action and that the court was without jurisdiction to grant the relief prayed. The court held that the Natural Gas Act was constitutional and that plaintiff was operating under Federal law and under a permit from the Federal Power Commission and it was not necessary that plaintiff comply with the laws of Oklahoma. Upon this adverse ruling the defendants gave notice of appeal and announced that they were not ready for trial on the question of damages. The court ruled that no legal ground for continuance had been shown and ordered the case to trial. Thereupon defendants withdrew the demand for jury trial without prejudice to further proceedings in their behalf.

Judgment was rendered for plaintiff for $750, and defendants appeal.

For reversal defendants say that in order to avail itself of the privilege of exercising the right of eminent domain within the State of Oklahoma, the plaintiff must plead and prove compliance with the Constitution and laws of Oklahoma, and particularly compliance with the Production and Transportation Act of 1913, Tit. 52 O.S. 1951 §§21 to 45, and having failed to plead such compliance plaintiff stated no cause of action, and defendants' objection to the introduction of evidence should have been sustained and the case dismissed. They further contend that if Tit. 15 U.S.C.A. § 717f(h) authorizes the taking of private property by a private corporation for a private use it is unconstitutional and void under the Fifth Amendment of the United States Constitution and §2, art. 2, Oklahoma Constitution.

Primarily, the two following statutes are before us for consideration:

52 O.S. 1951 §26 provides:

"Before any corporation, joint stock company, limited copartnership, partnership or other persons shall have, possess, enjoy or exercise the right of eminent domain, right-of-way, right to locate, maintain or operate pipe lines, fixtures or equipment thereunto belonging, or used in connection therewith, as authorized by the provisions of this act, or shall have, possess, enjoy or exercise any right (the word 'right' in this connection being used in its most

comprehensive legal sense) conferred by this act, every such corporation, joint stock company, limited co-partnership, partnership or other person, shall file in the office of said Corporation Commission proper and explicit authorized acceptance of the provisions of this act and the Constitution of this state, in cases of pipe lines a plat showing in detail the points within this state between which, and the route along which the trunk lines are proposed to be constructed, the intended size and capacity thereof, and the location and capacity of all pumping stations, gate valves, check valves and connections and appliances of all kinds used, or to be used, on said trunk line or lines; and upon demand of the Corporation Commission the proper party or parties, as required by said commission, shall properly file a plat showing in detail all the lines owned and operated by them respectively, with full and explicit information as to their capacity, size and location, and the capacity of their pumping stations, gate valves, check valves and connections of all kinds, respectively, required or used in the operation thereof."

Tit. 15 U.S.C.A. §717f(h) provides:

"When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated; Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000. June 21, 1938, c. 556, sec. 7, 52 Stat. 824; Feb. 7, 1942, c. 49, 56 Stat. 83; July 25, 1947, c. 333, 61 Stat. 459."

This record discloses admissions by the parties as follows: (1) Plaintiff purchases natural gas from but one producer in Oklahoma, Panoma Corporation. (2) Plaintiff does not hold itself out as a common carrier or common purchaser of natural gas within this State. (3) Plaintiff has not complied with the above section 26 of the State statute and has filed no acceptance of the laws and Constitution of Oklahoma with the State Corporation Commission. (4) Plaintiff has been issued a Certificate of Public Convenience and Necessity by the Federal Power Commission under the terms of the Natural Gas Act of Congress, Tit. 15 U.S.C.A. §§717-717w. (5) Plaintiff seeks to condemn land of defendants, in the State District Court, for use as a natural gas pipe line right of way pursuant to the above sec. 717f(h) without any compliance or any intention to comply with the Production and Transportation Act of 1913, of the laws of Oklahoma, and says that no such compliance is necessary.

We turn first to the question raised as to the constitutionality of the Federal Act. The constitutionality of the Natural Gas Act as it stood prior to the amendments of 1942 and 1947 has been upheld by the Supreme Court of the United States. Federal Power Commission v. Natural Gas Pipeline Co. of America, 315 U.S. 575, 86 L. Ed. 1037, 62 S. Ct. 736. Following the enactment of §717f(h) as an amendment of the Act in 1947, the constitutionality of the Act, as amended, was questioned in Thatcher v. Tennessee Gas Transmission Co. 180 Fed. 2d 644 (Fifth Circuit 1950), certiorari denied 340 U. S. 829. The grounds raised and argued were the same as presented in the instant case.

Therein it was held that the transportation of natural gas across state lines for interstate distribution and interstate sales in states far removed from the point of production constitutes interstate commerce. In the opinion the court said:

"* * * Consideration of the facts, and the legislative history, plan and scope of the Natural Gas Act, and the judicial consideration and application the Act has received, leaves us in no doubt that the grant by Congress of the power of eminent domain to a natural gas company, within the terms of the Act, and which in all of its operations is subject to the conditions and restrictions of the statute, is clearly within the constitutional power of Congress to regulate interstate commerce. * * *

"There is no novelty in the proposition that Congress in furtherance of its power to regulate commerce may delegate the power of eminent domain to a corporation, which though a private one, is yet, because of the nature and utility of the business functions it discharges, a public utility, and consequently subject to regulation by the Sovereign. Luxton v. North River Bridge Co., 153 U. S. 525, 14 S. Ct. 891, 38 L. Ed. 808; Cherokee Nation v. Southern Kansas Railway Co., 135 U. S. 641, 10 S. Ct. 965, 34 L. Ed. 295. * * *

"It follows from what we have said that the two subsidiary points of unconstitutionality urged, that the statute provides the taking of private property for a private use, and is an invasion of the rights reserved by the States, are not successfully maintained by the appellant."

For a more detailed statement of the facts and issues of the Thatcher case, see the district court opinion, 84 Fed. Supp. 344.

The judgment of the trial court in the instant case, holding that §717f(h) was constitutional, was correct.

The remaining question presented here is whether or not defendant corporation, by its failure to file with the Commission of the state the acceptance required by §26 of the Oklahoma Act, quoted above, is to be deprived of its right of eminent domain conferred upon it by §717f(h) supra, of the Federal law.

Plaintiff says that it has not complied with the Oklahoma Act requiring the acceptance and that it is not necessary that it comply; that the right of eminent domain granted to it under the Act of Congress is a substantive right, the exercise of which may not be restricted or prevented by state legislation. Defendants say that to avail itself of the privilege of exercising the right of eminent domain in Oklahoma plaintiff must plead and prove compliance with the applicable provisions of the Constitution and laws of Oklahoma; that such laws are not in violation of the Commerce clause of the Federal Constitution and are consistent with the powers left to the state.

Defendants cite Interstate Natural Gas Co. v. Federal Power Commission, 331 U.S. 682, 91 L. Ed. 1742, 67 S. Ct. 1482; Federal Power Commission v. Hope Natural Gas Co., 320 U. S. 591, 88 L. Ed. 333, 64 S. Ct. 281; and Federal Power Commission v. Panhandle Eastern Pipe Line Co., 337 U.S. 498, 93 L. Ed. 1499, 69 S. Ct. 1251, and other cases in which the Supreme Court discussed the basic purposes and scope of the Natural Gas Act and the jurisdiction of the Federal Power Commission in the regulation and control of sales and rates under the Federal Act. It is argued that the act was designed to produce a harmonious and comprehensive regulation of the industry and that neither State nor Federal regulatory body should encroach upon the jurisdiction of the other.

But conversely, if there is a conflict or encroachment of jurisdictions, the Federal legislation and grants of power thereunder must control in matters concerning interstate commerce. Art. I, §8, clause 3, U. S. Constitution; Commonwealth of Pennsylvania v. State of West Virginia, 262 U. S. 553, 67 L. Ed. 1117, 43 S. Ct. 658.

A conflict of authority of the two governing bodies, the Commission of Oklahoma and the Federal Power Commission, appears immediately, if plaintiff be required to accept the laws of Oklahoma. Under the state act plaintiff must become a common carrier and take gas ratably in Oklahoma, subject to the reasonable orders of the State Commission. Defendants contend that this should be required of plaintiff. But the Federal Power Commission has seen fit to issue its certificate of public convenience and necessity, permitting plaintiff to build and operate its line without becoming a common carrier.

Defendants argue that plaintiff is a private corporation seeking to take their property for its own private use. We do not agree with this contention. Plaintiff is a natural gas company engaged in interstate transportation and sale, for resale, of natural gas. As such it is subject to the provisions of the Natural Gas Act and the rules and regulations of the Federal Power Commission.

The Natural Gas Act declares that the business of transporting and selling natural gas for ultimate distribution to the public is affected with a public interest and that Federal regulation of interstate commerce in natural gas "is necessary in the public interest." The fact that the ultimate consumers of the gas transported by plaintiff do not receive their gas directly from it, but through local public utilities or municipalities, or that the distribution involved in the instant case is by wholesale rather than retail sales, presents no difference of significance to the protection of public interest, which protection is designed by the Act. Federal Power Commission v. Natural Gas Pipeline Co. of America, supra.

In discussing the import of "public use", defendants cite United States ex rel. Tennessee Valley Authority v. Welch, 150 Fed. 2d 613. But upon appeal the Circuit Court was reversed by the Supreme Court in 327 U. S. 546. Therein it is said:

"* * * it is the function of Congress to decide what type of taking is for a public use and that the agency authorized to do the taking may do so to the full extent of its statutory authority. * * * But whatever may be the scope of the judicial power to determine what is a 'public use' in Fourteenth Amendment controversies, this Court has said that when Congress has spoken on this subject 'Its decision is entitled to deference until it is shown to involve an impossibility.' Old Dominion Co. v. United States, 259 U. S. 55, 66."

In enactment of the Federal Act Congress has acted in the field of exercising Federal control over the transportation of natural gas in interstate commerce. The power of Congress to grant to a private corporation the right of eminent domain for a public use, under the Commerce clause, has been sustained. Cherokee Nation v. Southern Kansas Railway Co., 135 U. S. 641, 34 L. Ed. 295, 10 S. Ct. 965; Luxton v. North River Bridge Co., 153 U. S. 525, 38 L. Ed. 808, 14 S. Ct. 891, and Thatcher v. Tennessee Gas Transmission Co., supra.

"* * * The proper view of the right of eminent domain seems to be, that it is a right belonging to a sovereignty to take private property for its own public uses, and not for those of another. Beyond that, there exists no necessity; which alone is the foundation of the right. If the United States have the power, it must be complete in itself. It can neither be enlarged nor diminished by a State. Nor can any State prescribe the manner in which it must be exercised. The consent of a State can never be a condition precedent to its enjoyment. * * *" Kohl v. United States, 91 U. S. 367, 23 L. Ed. 449.

The right of plaintiff to exercise the right of eminent domain granted by Congress under § 717f(h), supra, is a Federal substantive right. If Oklahoma may prescribe conditions precedent to the exercise of the Federal substantive right, relating to interstate commerce within its borders, then each and every other state that might be crossed by plaintiff's pipe line could do likewise.

Uniformity of regulation and control by a single agency, as designed by the Act and stressed in numerous decisions construing the Act, as being an essential purpose, would be lost. Such a situation cannot be permitted under the decisions of the Supreme Court.

The United States may exercise the right of eminent domain, even within the limits of the states, for purposes necessary to the exercise of the powers granted to the Federal Government by the Constitution, and such authority is not dependent upon the consent of the states. Cherokee Nation v. Southern Kansas Railway Co., supra; Southern Pacific Co. v. State of Arizona ex rel., etc., 325 U. S. 761, 89 L. Ed. 1915, 65 S. Ct. 1515.

"The power of the United States to authorize the exercise of eminent domain within the limits of the several states is not limited to the taking of property by the government itself for its own proper uses, but includes the right to delegate the power of eminent domain to corporations and other agencies for the purpose of carrying out any public use within the sphere of federal control. * * *" Nichols' The Law of Eminent Domain (3rd Ed.) vol. 1, p. 130, §2.15.

Affirmed.

HALLEY, V.C.J., and WELCH, CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. O'NEAL, J., dissents.