78 So.2d 539

**STATE ex rel. Joseph YOUNG**

v.

**Howard J. TAYLOR, Judge, Traffic Court of New Orleans.**

No. 42112.

Feb. 14, 1955.

A. G. Williams, New Orleans, for relator.

Henry B. Curtis, City Atty., Herbert J. Garon, Asst. City Atty., New Orleans, for respondent.

PONDER, Justice.

The relator was found guilty on September 29, 1954 of contempt for failing to appear for trial in the Traffic Court of New Orleans. He was sentenced to pay a fine of $10 and to serve a term of 18 hours imprisonment and 6 hours additional imprisonment in default of paying the fine. The relator applied for and was granted supervisory writs which were issued by the Honorable Niels F. Hertz, Judge of Section "F" of the Criminal District Court for the Parish of Orleans. The writs were allotted to Section "D" of the Criminal District Court and on hearing before Judge Frank T. Echezebal, Judge of Section "D", the Judge of the Traffic Court excepted to the jurisdiction of the District Court ratione materiae and ratione personae, which exceptions were sustained, and relator's application for writs was dismissed and the order issued by Judge Hertz was recalled.

The relator applied to this Court for supervisory writs which were issued and respondent judge was ordered to show cause why the relief prayed for should not be granted. The matter is now submitted for our determination.

The sole question presented in this case is whether the Criminal District Court for the Parish of Orleans has general supervisory jurisdiction over the Traffic Court.

The parties concede that this Court has general supervisory jurisdiction over all inferior courts under the plain provisions of Section 10 of Article 7 of the Constitution of Louisiana, LSA.

The Constitution was amended in 1952, wherein a Municipal Court and a Traffic Court for New Orleans were created. Section 94, Article 7 of the Constitution. It was provided in para. II(i) therein, as follows:

"There shall be a right to appeal in all cases from the Traffic Court of New Orleans to the Criminal District Court for the Parish of Orleans; said appeals shall be on the law and the facts and shall be tried by the Judge of the Criminal District Court to whom the appeal shall be allotted upon the records made and the evidence offered in the Traffic Court of New Orleans. The said Criminal District Court shall have general and supervisory jurisdiction over the Traffic Court of New Orleans, and shall have the right to issue such writs and orders as may be

necessary in aid of its appellate and supervisory jurisdiction."

■ Under the plain language of this provision of the Constitution, the Criminal District Court for the Parish of Orleans unquestionably has general supervisory jurisdiction over the Traffic Court and therefore had ample authority to issue the supervisory writs and review the proceedings.

■ This later provision of the Constitution does not in any way impair the general supervisory jurisdiction of this Court. We know of no reason why the people could not amend the Constitution, as done in this case, and grant supervisory powers to the District Court. There is nothing in this provision of the Constitution to indicate that there was any intention to infringe upon our jurisdiction and there is nothing to prevent this Court from issuing any writs at any time that it may deem necessary.

The respondent cites the cases of City of Gretna v. Rossner, 154 La. 117, 97 So. 335 and Allen v. Allen, 165 La. 437, 115 So. 648. Neither of these cases have any application and they were decided prior to the adoption of the amendment of the Constitution creating the Traffic Court in 1952. In the Rossner case, the District Court was not granted by the Constitution general supervisory jurisdiction. In the Allen case, the Court of Appeal was not granted by the Constitution general supervisory jurisdiction.

For the reasons assigned, the writs are made peremptory; the judgment rendered by the Honorable Frank T. Echezebal, Judge of Section "D" of the Criminal District Court for the Parish of Orleans, is reversed and set aside; the exceptions to the jurisdiction of the Criminal District Court for the Parish of Orleans are overruled and the case is remanded to the lower court to be heard on the rule issued by the Honorable Neils F. Hertz, Judge of Section "F" of the Criminal District Court for the Parish of Orleans, which rule is hereby reinstated, and disposed of according to law.