### Althimus SIGUE
#### v.
### TEXAS GAS TRANSMISSION CORPORATION.
#### No. 10356.

United States District Court
W. D. Louisiana,
Lafayette Division.

Nov. 4, 1964.

Simon & Trice, Phil Trice, Lafayette, La., for plaintiff.

Shotwell & Brown, Burt W. Sperry, Monroe, La., for defendant.

PUTNAM, District Judge.

Plaintiff's suit is predicated upon alleged violations of Title 42 U.S.C.A. §§ 1983–1985, and jurisdiction claimed pursuant to Title 28 U.S.C.A. §§ 1332 and 1343.

Defendant has filed a motion for summary judgment and for judgment on the pleadings.

We bear in mind the repeated admonitions of our Appellate Courts that such motions should be denied unless it is clear that under no view of the case could plaintiff recover under the pleadings. Hughes v. Noble, 295 F.2d 495 (5 Cir. 1961); Lewis v. Brautigam, 227 F.2d 124, 55 A.L.R.2d 505 (5 Cir.1955), and cases cited.

After carefully studying the pleadings, exhibits and affidavits of both parties, it is our opinion that plaintiff has failed to allege facts sufficient to state a cause of action under the Civil Rights Acts. That he was deprived of his civil rights by defendant appears to be only a conclusion of complainant in order to obtain jurisdiction.

Accepting the allegations of plaintiff's complaint as true, we fail to find any facts alleged which show that defendant was acting under color of Louisiana law in taking the action which it did. Summarizing the allegations of the complaint, we note that defendant is alleged to have constructed an above-ground valve on plaintiff's property contrary to the terms of a right-of-way agreement for a buried pipeline only; that defendant was enjoined by the Louisiana courts from maintaining this valve and was ordered to remove it; that defendant did not remove said valve, but instead filed suit in the state court to expropriate the property; that he filed an exception, motion for continuance and a request for trial by jury, none of which were granted since he had not filed within ten days after service and since he is not entitled to a trial by jury under Louisiana law; that he then filed answer to the suit along with written interrogatories and later filed a peremptory exception; that the exception was overruled, the interrogatories were not answered, and the judge required complainant to proceed to trial over his objections on the issue of damages alone since he had not filed a timely answer contesting the taking, and that after a limited hearing he was awarded judgment for his land in the sum of only $53.00.

This judgment was affirmed on appeal to the Third Circuit Court of Appeal, State of Louisiana, and application for writs of review was refused by the Louisiana Supreme Court.

The actions of the State courts, therefore, are in conformity with the State law which must be applied to such expropriation suits under both State and Federal Statutes. 15 U.S.C.A. § 717f(h); LSA–R.S. 19:1 et seq.

In its motion for summary judgment, defendant alleged that it is a natural gas company subject to the provisions of the Natural Gas Act (Title 15 U.S.C.A. § 717(a) and (b)), and that in expropriating the property in question it was acting under a certificate of public convenience and necessity from the Federal Power Commission. A certified copy of this certificate is attached to its motion, along with an affidavit of its Chief Engineer that the facilities referred to in the expropriation suit were authorized and constructed in accordance with this certificate of public convenience and necessity. Also attached are copies of the final judgment of expropriation, and judgments on appeal.

Although complainant maintains that defendant was at all times acting under color of state law, he has not filed any evidence to contradict the allegations made by defendant as set out above.

█ It is well settled that in order to allege an actionable claim under the Civil Rights Act, 42 U.S.C.A. §§ 1983–1985, within the jurisdiction of the District Court set out in 28 U.S.C.A. § 1343(3), facts must be affirmatively set forth which show (1) that plaintiff has been denied a protected right, privilege or immunity, and (2) that defendant(s) acted under color of a state or local law. Hornsby v. Allen, 326 F.2d 605, 612 (5. Cir. 1964); Lee v. Hodges, 321 F.2d 480 (4 Cir. 1963); Stringer v. Dilger, 313 F.2d 536, 540 (10 Cir. 1963); and Marshall v. Sawyer, 301 F.2d 639, 646 (9 Cir. 1962).

Taking up these requirements in reverse order, we fail to see where or how defendant acted under color of any state or local law. To the contrary, defendant has alleged, and it has not been rebutted, that it was acting under the authority of the Federal Natural Gas Act (15 U.S.C.A. 717f(h) and of the Federal Power Commission, which Congress empowered to administer the provisions of the said Act. Although complainant did not raise the issue, the grant of the power of eminent domain to a natural gas company such as defendant has been held constitutional.

Tennessee Gas Transmission Co. v. Thatcher, 180 F.2d 644 (5 Cir. 1950), cert. den. 340 U.S. 829, 71 S.Ct. 66, 95 L.Ed. 609. Moreover, far from the action complained of here being state action, we find language in this same opinion to indicate that a natural gas company cannot even act except under Federal authority. At pages 647 and 648 of their opinion, the Court said:

"Indeed when Congress determined it in the public interest to regulate the interstate transportation and interstate sale of natural gas as provided by the Act of 1938 and the amendment of 1942, so that *companies engaged in such business not only could not operate except under the authority provided by the statute,* but could also be required to provide additions and extension of service, it was proper to make provision whereby the full statutory scheme of control and regulation could be made effective, by the grant to such company of the right of eminent domain. * * * This is, in fact and in law, as by the Natural Gas Act declared, a public business and subjected to public control as to its interstate features *and, indeed, as to this it can not be conducted at all unless its operations are determined by the Federal Power Commission to be compatible with public convenience and necessity.*" (Emphasis supplied.)

The Louisiana courts also recognize the exclusiveness of Federal control in this area, as is evident from the case of Texas Eastern Transmission Corp. v. Bowman, 238 La. 399, 115 So.2d 797 (1959), wherein the Louisiana Supreme Court said at page 799:

"Concededly, plaintiff corporation was organized for the purpose of, and it engages in, the transporting and marketing of natural gas for public consumption on an interstate basis. And the conducting of its business is, pursuant to an act of Congress adopted June 21, 1938 (U.S.C.A. Title 15, Section 717 et seq.), subject to regulation exclusively by the Federal Power Commission. See Illinois Natural Gas Co. v. Central Illinois Public Service Co., 314 U.S. 498, 62 S.Ct. 384, 86 L.Ed. 371. Hence, it is seriously doubted that we could justifiably question or disregard the order of the Commission (apparently subjected to a collateral attack here by appellants) which recited that it was necessary and desirable in the public interest to permit the installation and operation of the instant interconnecting line, particularly since the mentioned congressional enactment declares that the right to a judicial review of the Commission's orders shall be vested in the federal courts."

However, even though matters in this area are under exclusive Federal control, yet the Natural Gas Act allows expropriation proceedings to be brought in the state courts as well as the federal courts, and specifically provides that the practice and procedure to be used in the federal courts for this purpose shall conform as nearly as may be with the practice and procedure in similar actions in the state courts. Thus, although defendant was using state court procedures in this expropriation matter, it was doing so by virtue of and under the authority of a federal statute and was not acting under color of any state law at all. The state merely furnished the forum and the procedure, as provided by federal law.

Complainant is in error by apparently equating "procedure" with "authority". Authority is the important factor here, and we think that defendant has conclusively shown that it was acting under the authority of a federal agency and not under color of state law. In support of this, reference may be made to the cases of Texas Eastern Transmission Corp. v. Bowman, supra, and United Gas Pipe Line Co. v. Blanchard, 149 So.2d 615 (La. App.1963).

In so holding we are not unmindful of the recent holding of the Fifth Circuit Court of Appeals in the case of McGuire v. Sadler, 337 F.2d 902, that if procedural shortcomings are found to have existed in a trial which deprived a plaintiff of a

fair and adequate hearing, that this would seem sufficient for a showing of deprivation of civil rights. However, the McGuire case may be distinguished from the case at bar in that there was clearly state action in that case, whereas here there was no state action, or action under color of a state law. Because of this decision we have elaborated somewhat in this opinion as to the reasons which prompted this Court to remand the attempted removal of defendant's expropriation suit to this Court (No. 9842 of our Civil Docket).

In going to the very heart of this complaint, it appears to be nothing other than an attempt to have a Federal Court review a State Court's findings with which one party is dissatisfied.

There is no allegation of a conspiracy by or with State officials that could conceivably bring the suit within the ambit of § 1985. But if there were such allegation, the language found in the case of Skolnick v. Spolar, 317 F.2d 857 (7 Cir. 1963) is dispositive of such issue here. The Court stated at page 859:

> "This was a state court action between private parties in which the state merely furnished the forum and in which it had no interest. Those who are alleged to have conspired cannot be said to have been acting under color of state law within the meaning of the Federal Civil Rights Acts. The facts alleged do not support plaintiff's conclusory statements that his federal constitutional rights have been violated. * * * Mere errors or irregularities in the state court proceedings are not sufficient to show a purposeful conspiracy to deny plaintiff due process. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Hanna v. Home Insurance Company, 5 Cir., 281 F.2d 298 (1960).
>
> "The federal courts do not guarantee a citizen against the loss of a private civil action due to alleged irregularities in the trial thereof in a state court."

Thus, since we have failed to find that there was any action under color of state law which was engaged in by the defendant, we do not find it necessary to proceed to the second requirement of the statute, that of denial of a protected right, privilege or immunity. However, we wish to point out for the benefit of the complainant that insofar as his claim for damages for defendant's trespass in placing and maintaining a valve on his property is concerned, this claim is still reserved to him and is apparently still pending in the suit which he filed in the state court to enjoin the maintenance of this valve and for damages to his property caused thereby. He has also requested a jury trial on this issue which has not been denied.

Therefore, in view of the foregoing, defendant's motion for summary judgment and/or judgment on the pleadings must be granted and plaintiff's suit dismissed. Accordingly, such a decree will be entered upon presentation to the Court by defendant's counsel of a decree in accordance with this opinion.